

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**CONNY B. HATCH, III,**

               **Plaintiff,**

-vs-

                                      **Case No. A-14-CA-1094-SS**

**ABM PARKING SERVICES, INC.; ABM
ONSITE SERVICES - WEST, INC.; STEVE
WALLIS; MARTA ROBLES; and JOE A.
DELEON,**

               **Defendants.**

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Conny B. Hatch, III's "Verified Objection to Removal to Federal Court" [#9], which the Court construes as a motion to remand, and Defendants ABM Parking Services, Inc., ABM Onsite Services—West, Inc., Steve Wallis, Marta Robles, and Joe A. DeLeon's Response [#10] thereto; Defendants' Motion for Judgment on the Pleadings [#13] and Plaintiff's Response [#15] thereto; and Defendants' Opposed Motion to Stay Discovery Pending Ruling on Defendants' Motion for Judgment on the Pleadings [#14]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is an employment discrimination and wrongful termination case brought by Plaintiff Conny B. Hatch, III, who is proceeding *pro se*, under the Family and Medical Leave Act (FMLA) and the Texas Commission on Human Rights Act (TCHRA). Plaintiff alleges he worked as a driver



for Defendants ABM Parking Services, Inc. and ABM Onsite Services—West (the ABM Defendants) until his termination on March 4, 2014.  Notice Removal [#1-1] (Orig. Pet.) ¶ 6. Plaintiff claims the ABM Defendants: violated the FMLA by denying Plaintiff the use of his accumulated time off and unpaid leave and terminating Plaintiff in retaliation for his attempt to do so; and violated the TCHRA by discriminating against Plaintiff on the basis of race and age and retaliating "against [Plaintiff's] objections to unfair treatment by suspending him without pay." *Id.* ¶¶ 11–12.  Further, Plaintiff alleges Defendants Wallis, DeLeon, and Robles defamed Plaintiff by "accusing him of attempting to commit assaultive crimes against Defendant DeLeon." *Id.* ¶ 13.

Plaintiff filed this action in the 200th Civil District Court of Travis County, Texas on November 7, 2014.  *Id.* at 1.  On December 1, 2014, Defendants removed the case to this Court, invoking this Court's federal question jurisdiction.  28 U.S.C. § 1331; *id.* § 1441(a).  Plaintiff's motion to remand and Defendants' motion for judgment on the pleadings followed, and are discussed in turn below.

## Analysis

### I.     Motion to Remand

#### A.     Legal Standard

District courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Actions filed in state court but "arising under" federal law may be removed to federal court in the district where the action is pending.  28 U.S.C. § 1441(a).  Courts determine whether a case arises under federal law by reference to the plaintiff's well-pleaded complaint.  *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). According to the well-pleaded complaint rule, the federal question must be presented on the face of

the plaintiff's complaint, without reference to anticipated defenses. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.*

**B.      Application**

In his motion to remand, Plaintiff argues his FMLA claim is not removable because it was originally filed in state court. In support of his argument, Plaintiff cites 29 U.S.C. § 2617(a)(2), which provides FMLA claims "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." 29 U.S.C. § 2617(a)(2). The Court agrees with Defendants that § 2617(a)(2) does not render FMLA cases nonremovable.

While the Fifth Circuit has yet to directly confront the question whether FMLA cases originally filed in state court are removable, given the language of § 2617(a)(2), other courts in this district have held § 2617(a)(2) does not bar removal. In *Abeyta v. Liberty Mutual Group, Inc.*, No. SA-14-CV-533-XR, 2014 WL 3535215 (W.D. Tex. July 16, 2014) (slip op.), for example, the court considered and rejected an FMLA plaintiff's argument that, given the word "maintained" in § 2617(a)(2), "Congress intended for FMLA claims originally filed in state court to remain there." *Id.* at *1. In rejecting the plaintiff's argument, the *Abeyta* court cited the Supreme Court's decision in *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003), where the Court found a nearly identical phrase used in the Fair Labor Standards Act—"may be maintained in state court"—was merely a grant of concurrent jurisdiction, not a bar to removal. *Id.* at 693. The *Abeyta* court

-3-

concluded there was no reason to treat near-identical phrases in the two statutes differently, and denied the plaintiff's motion to remand. *Abeyta*, 2014 WL 3535215 at *2.

The Court agrees with the *Abeyta* court's analysis, and likewise rejects Plaintiff's motion to remand. The federal removal statute provides for removal of cases presenting a federal question unless Congress has "expressly" precluded removal. 28 U.S.C. § 1441(a). "[T]he words 'may be maintained'", however, "are ambiguous; at best they are suggestive. They are, however, not an express provision barring the exercise of the right to removal." *Ladner v. Alexander & Alexander, Inc.*, 879 F. Supp. 598, 599 (W.D. La. 1995) (internal quotations omitted).

Finally, the Court agrees with Defendants the exercise of supplemental jurisdiction over Plaintiff's state law claims is appropriate. A district court may decline to exercise supplemental jurisdiction over a state claim where the claim raises novel or complex issues of state law, where the state claim predominates over the federal claims, where all federal claims have been dismissed, or where there are other compelling reasons to decline jurisdiction. 28 U.S.C. § 1367(c). None of those circumstances apply in this case. Plaintiff's causes of action for common-law defamation and for employment discrimination and retaliation under the TCHRA are prototypical of such claims filed in this Court, and do not raise novel or complex issues of state law. Nor do Plaintiff's state claims substantially predominate over his FMLA claims, as the factual allegations concerning Plaintiff's termination undergird the entirety of this lawsuit. Plaintiff's FMLA claim remains live, and the Court can discern no compelling or exceptional reasons to decline jurisdiction.

Plaintiff's motion to remand is therefore denied.

## II.     Motion for Judgment on the Pleadings

## A.     Legal Standard

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Motions for judgment on the pleadings are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal quotation marks omitted). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics*

-5-

*Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  However, a court is not bound to accept legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations."  *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).  In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**B.    Application**

Defendants raise five arguments in their motion for judgment on the pleadings, which the Court considers in turn.  First, Defendants contend Plaintiff's FMLA and TCHRA claims against ABM Onsite West should be dismissed as a matter of law because Plaintiff fails to allege ABM Onsite West was Plaintiff's employer, and both statutes require a plaintiff to prove he suffered an adverse action at his employer's hands.  Mot. J. Pleadings [#13] at 6.  But Plaintiff is a *pro se* litigant, and his pleadings are held to less stringent standards than formal pleadings drafted by lawyers.  *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court is of the opinion Plaintiff's petition fairly alleges he was employed by ABM Onsite West.  *See* Orig. Pet. ¶¶ 2, 6 (stating ABM Parking and ABM Onsite West are together referred to as "ABM" and alleging Plaintiff was employed by "ABM").  The Court declines to grant judgment for ABM Onsite West on these grounds at this time.

Second, Defendants argue Plaintiff's TCHRA claims should be dismissed as a matter of law because Plaintiff failed to exhaust his administrative remedies.  Defendants argue "the only right to

sue letter that Plaintiff received came from the EEOC [Equal Employment Opportunity Commission]" and that the Texas Workforce Commission—Civil Rights Division (TWC) never investigated or was even notified of Plaintiff's claim. Mot. J. Pleadings [#13] at 7, 9. But in his Response, Plaintiff attaches a Right to Sue letter issued by the TWC. *See* Pl.'s Resp. [#15], Ex. B (TWC Right to Sue Letter). The Court further notes the Fifth Circuit, applying Texas law, has recently held failure to receive a TWC right to sue letter is a condition precedent that can be cured, not a jurisdictional defect. *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (abrogating *Jones v. Grinnell Corp.*, 235 F.3d 972 (5th Cir. 2001)). The Court again declines to dismiss on this basis at this time, as further development of the evidentiary record and additional briefing will assist the Court in determining whether Plaintiff has exhausted his administrative remedies.

Third, Defendants argue Plaintiff's FMLA claims should be dismissed for failure to state a claim either for interference or for retaliation, the two causes of action cognizable under the statute. *See* 29 U.S.C. § 2615(a)(1), (2); 29 C.F.R. § 825.220(c); *McArdle v. Dell Prods., L.P.*, 293 F. App'x 331, 334 (5th Cir. 2008) (unpublished) (noting the FMLA protects employees from interference with and against retaliation for exercising their rights). Again, the Court notes Plaintiff's *pro se* pleadings are held to a more relaxed standard than pleadings filed by a member of the bar, *see, e.g.*, *Haines*, 404 U.S. at 520, and rejects Defendants' argument. Plaintiff's petition alleges he was denied use of his accumulated time off and unpaid leave to be with his son after his son suffered an injury in August 2013 and while his son went through surgeries related to the injury. *See* Orig. Pet. ¶ 12. Plaintiff further alleges he was "targeted for termination" following his request to use his accumulated time off and unpaid leave to be with his son, and was ultimately "terminated in

retaliation" for making that request. *Id.* ¶¶ 10, 12.   While Plaintiff's allegations do not map perfectly onto the elements of interference and retaliation Plaintiff will ultimately be entitled to prove up at trial, the Court believes Plaintiff's allegations provide Defendants with fair notice of the substance of his FMLA claims and the grounds on which they rest.

Fourth, Defendants argue Plaintiff's defamation claims against Defendants DeLeon and Wallis should be dismissed because they are entitled to the qualified privilege for communications made during an employer's investigation of employee wrongdoing. Mot. J. Pleadings [#13] at 14; *see also Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995) (describing the privilege). As Defendants themselves point out, however, the privilege can be defeated by a showing of actual malice, and the Court is unwilling to hold, on the thin record before it, that Plaintiff will be unable to show actual malice as a matter of law.

Finally, the Court rejects Defendants' argument for dismissal of Plaintiff's defamation claim against Defendant Robles at this time.   Defendants argue the claim must be dismissed because Plaintiff did not plead any pecuniary loss. But if a statement falsely imputes criminal conduct to the plaintiff, it is slander per se, and if a statement is slanderous per se, it is actionable without proof of injury. *Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 580 (Tex. App.—Austin 2007, pet. denied); *Ramos v. Henry C. Beck Co.*, 711 S.W.2d 331, 334 (Tex. App.—Dallas 1986, no pet.).   Plaintiff states his cause of action is for "defamation *per se*," and alleges the slanderous statement was that he was "fired for fighting with Joe [DeLeon]." Pl.'s Resp. [#15] ¶ 8; Orig. Pet. ¶ 13.  "Fighting" could reasonably be construed as an assaultive crime; a jury might well determine that statement is defamatory.  *Tex. Disposal Sys.*, 219 S.W.3d at 581 (explaining ambiguity in the meaning of allegedly defamatory words presents a jury question).  Nor

is the Court moved by Defendants' argument Plaintiff "admitted" in his petition he was indeed fired for fighting DeLeon. Plaintiff's petition is inartfully drafted, but clearly alleges he was fired for discriminatory and retaliatory reasons, not for fighting.

Consequently, Defendants' motion for judgment on the pleadings is denied.

## Conclusion

The Court's decision today in no way relieves Plaintiff of his burden of proof, and Defendants are free to renew their objections upon a more developed record. Applying the standards appropriate to evaluation of a *pro se* pleading, however, the Court believes Plaintiff's petition provides Defendants with adequate notice of the substance of Plaintiff's claims, and dismissal of same is, at least at present, unwarranted.

Accordingly:

IT IS ORDERED that Plaintiff Conny B. Hatch, III's "Verified Objection to Removal to Federal Court" [#9], which the Court construes as a motion to remand, is DENIED;

IT IS FURTHER ORDERED that Defendants ABM Parking Services, Inc., ABM Onsite Services—West, Inc., Steve Wallis, Marta Robles, and Joe A. DeLeon's Motion for Judgment on the Pleadings [#13] is DENIED WITHOUT PREJUDICE to their right to file a motion for summary judgment supported by evidence; and

IT IS FINALLY ORDERED that Defendants' Opposed Motion to Stay Discovery Pending Ruling on Defendants' Motion for Judgment on the Pleadings [#14] is DENIED AS MOOT.

SIGNED this the _30th_ day of January 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE